Judge Lane
stated the ease, and delivered the opinion of the court:
This is a suit in chancery, by which the plaintiff seeks to set aside an assignment of property made by Agry to his trustee, in trust, for creditors.
*On June 6, 1834, Agry, by an indenture tripartite, conveyed to Greene certain property, consisting of stock in a distillery, enumerated in a schedule, upon the following trusts: 1. To pay the expenses of the assignment, and of the management of the trust. 2. To pay the wages of a workman in the distillery, and certain debts which Greene, the trustee, held against him. 3. To distribute the residue ratably among all the remaining creditors of said Agry, who shall become parties to this indenture, and shall prove their claims to the satisfaction of the assignee or arbitrators. 4. After paying the aforesaid claims, to pay over the residue, if any, to Agry. The remaining provisions of the assignment prescribe the mode of executing the trust, which is to be finally closed in eighteen months.
. The plaintiffs are judgment creditors of Agry, who claim that this trust is fraudulent and void, and seek to distribute it among all.
No actual fraud is admitted or shown, and the case depends upon whether the assignment be constructively fraudulent, as against the policy of the law.
Whenever a debtor seeks, by assignment, to impose terms and conditions upon his creditors while providing the means of payment, or place his property where it can not be applied in payment of debts, or to suspend the legal remedies of his creditors against his property or himself, the law adjudges the conveyance fraudulent. In Jordan v. Ellis, where the benefits of the assignment depended on the release by the creditors of all further claims, it was pronounced an unjust condition, and it was declared void. In Replier v. Orrich, Pendleton et al., decided this term, in which the distribution was to be delayed a year, by the terms of the assignment, to afford time for creditors to come in, it was adjudged that it could not be sustained, because these terms created the delay of a year, during which the property of the debtor was withheld.
But this assignment contains none of these features. It is the act of a creditor who takes his debtor’s property into his hands, to pay his own debt, and hold any residue for those to whore it *543 belongs. It imposes no terms upon which its advantages may be obtained; it delays no legal rights; it suspends the payment of debts no longer than necessary to convert the property; the phrase “becoming a party.to this indenture,” means nothing more, than a readiness of the creditor to accept *the distributive share; and the direction to give the residuum to the debtor infuses no new feature into the trust, beyond what the law would imply without it. It seems, therefore, nothing more than the exercise of the legal right of a debtor to prefer one creditor to another, and the creditor thus preferred, reaps no other harvest than the law secures to the vigilant.
Bill dismissed.